STATE of Minnesota, Respondent,

v.

Bruce Ray FAIRBANKS, Appellant.

No. A04–983.

Court of Appeals of Minnesota.

Nov. 2, 2004.

Mike Hatch, Attorney General, St. Paul, MN; and Robert M.A. Johnson, Anoka County Attorney, Marcy S. Crain, Assistant County Attorney, Anoka County Government Center, Anoka, MN, for respondent.

John Stuart, State Public Defender, Davi E. Axelson, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge; LANSING, Judge; and HARTEN, Judge.

## OPINION

LANSING, Judge.

On remand following appeal, the district court reduced Bruce Fairbanks's kidnapping sentence from 480 months to 240 months, but ordered that he serve it consecutively to his 240–month assault sentence. Fairbanks appeals, contending that the combined upward durational departure and consecutive sentence is not supported by severe aggravating circumstances and that the sentence is constitutionally invalid under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We vacate the sentence and remand for proceedings consistent with *Blakely*.

## FACTS

Bruce Fairbanks appealed his conviction and sentence for first-degree assault against a correctional employee in violation of Minn.Stat. § 609.221, subd. 2 (1998), and kidnapping in violation of Minn.Stat. § 609.25, subd. 1(1) (1998). *State v. Fairbanks*, No. C0–02–1576, 2003 WL 21911109 (Minn.App. Aug. 12, 2003) (*Fairbanks I*), *review denied* (Minn. Oct. 21, 2003). We affirmed the sufficiency of the evidence to prove the requisite intent for the assault

charge. But we remanded to the district court for reconsideration of the 480–month sentence for kidnapping based on the Minnesota Supreme Court's intervening decision in *Neal v. State*, 658 N.W.2d 536 (Minn.2003), which cautioned against sentences approaching the statutory maximum absent severe aggravating circumstances. *Fairbanks I*, 2003 WL 21911109, at *5 (citing *Neal*, 658 N.W.2d at 546).

On remand, the district court replaced the concurrent 240–month and 480–month sentences for the assault and kidnapping, respectively, with consecutive 240–month sentences. To support the greater-than-double departure on the kidnapping sentence, the court relied on Minn.Stat. § 609.1095, subd. 2 (2002), and four additional factors: the victim was particularly vulnerable; Fairbanks treated the victim with particular cruelty; he engaged in a significant amount of planning prior to the incident; and his actions placed multiple persons at risk.

In this second appeal, Fairbanks challenges the adequacy of the aggravating circumstances to support the combined upward durational departure and consecutive sentence and the constitutionality of his sentence under *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

## ISSUE

Does the district court's upward departure on the kidnapping sentence violate appellant's Sixth Amendment right to a jury trial?

## ANALYSIS

The district court's 240–month sentence for Fairbanks's kidnapping offense is based on a double upward departure under Minn.Stat. § 609.1095, subd. 2 (2002), and additional circumstances, which the court determined to be severe, aggravating fac-

tors. Fairbanks's sentence for first-degree assault of a correctional employee is also a double departure from the guidelines sentence.

Subsequent to the district court's resentencing in response to *Fairbanks I*, the United States Supreme Court released *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The *Blakely* decision refined the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), that the Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536 (quoting *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362–63).

In supplemental briefing Fairbanks and the state presented arguments on whether *Blakely* applies to Fairbanks's sentence. The court in *Blakely*, addressing the Washington criminal code, interpreted "statutory maximum" to mean "not the maximum sentence a judge may impose after finding additional facts, but the maximum [the judge] may impose *without* any additional findings." *Id.* at 2537. Thus, under *Blakely*, an upward sentencing departure under a statutory framework materially comparable to the Washington criminal code may not rely on judicially determined facts; a jury must find the facts that support the upward departure. *Id.* at 2538.

The state argues that *Blakely* does not apply to Fairbanks's sentence because (1) the Washington guidelines, unlike Minnesota's, are legislatively rather than administratively determined; (2) Fairbanks waived his right to be sentenced by a jury when he submitted his case on stipulated evidence; and (3) Fairbanks is not entitled

to the benefit of the *Blakely* holding. We address each of these arguments.

■ First, this court recently held that Minnesota's sentencing guidelines, like Washington's, are susceptible to a *Blakely* analysis. *See State v. Conger*, 687 N.W.2d 639, 644, 2004 WL 2340067, at *4 (Minn. App. 2004) (stating that, while Minnesota guidelines are advisory rather than mandatory like Washington's, any departure from a presumptive, fixed sentence ultimately requires factual findings in support of the increased sentence). But the state's argument also fails because the district court based Fairbanks's consecutive sentence on section 609.1095, subdivision 2. *See State v. Rachuy*, 502 N.W.2d 51, 52 (Minn.1993) (stating that the career-offender provision, which is currently codified with the dangerous-offender provision at Minn.Stat. § 609.1095, subd. 4, provides the district court with "a legislatively-created ground" for sentencing); *State v. Mitchell*, 687 N.W.2d 393, 399, 2004 WL 2283396, at *5 (Minn.App. 2004) (noting that "career-offender statute establishes a 'legislatively created ground' for departure").

The dangerous-offender subdivision provides for a durational departure from the sentencing guidelines for a defendant, at least eighteen years old, who has two or more convictions for violent crimes and is found to be "a danger to public safety." Minn.Stat. § 609.1095, subd. 2. The danger-to-public-safety finding may include "past criminal behavior" or "the fact that the present offense of conviction involved an aggravating factor." *Id.*, subd. 2(2)(i), (ii). While the stipulated facts of Fairbanks's trial could permit a simple finding of "past criminal behavior," we conclude that the statutory provision that the defendant's criminal behavior have a "high frequency rate" or "long involvement" in criminal activity requires additional factual

findings. And the district court linked the danger-to-public-safety finding with several aggravating factors, including the victim's particular vulnerability, Fairbanks's particular cruelty, the significant amount of planning behind the incident, and the risk to which he exposed multiple persons. None of these factors is based exclusively on stipulated facts. Because the district court relied on statutory factors that were not a part of the stipulated trial facts, we conclude that Fairbanks's Sixth Amendment rights must be examined in light of *Blakely*.

■ Second, we reject the state's argument that Fairbanks's waiver of his right to trial by jury should be extended to the sentencing proceeding, and that in submitting stipulated facts to the court, Fairbanks thereby waived his right to have findings incident to that process decided by a jury. The waiver signed by Fairbanks states in full: "Having been advised by the Court of my right to trial by jury and having had an opportunity to consult with counsel, I do hereby, with the approval of this Court, waive my right to trial by jury." This document incorporates by reference Minn. R.Crim. P. 5.04, subd. 3, and Minn. R.Crim. P. 26.01, subd. 1(2)(a), both of which refer specifically to a defendant's waiver of jury *trial* and neither of which makes any reference to sentencing.

■ "A defendant may waive the right to a jury trial, but the waiver must be knowing, intelligent, and voluntary." *State v. Whitley*, 682 N.W.2d 691, 696 (Minn. App.2004) (holding that waiver of right to jury trial on criminal charge did not constitute waiver for purposes of sentencing enhancement under statute mandating increased sentences for certain patterned and predatory sex offenders, and remanding for sentencing not inconsistent with *Blakely*). We find nothing in the record to indicate that Fairbanks knowingly waived his right to a jury determination of the

facts supporting the imposition of an aggravated sentence.

 Third, and finally, we believe that Fairbanks is entitled to the benefit of *Blakely* even though he did not assert his Sixth Amendment rights at trial by objecting on *Apprendi* grounds. "[I]f a case is pending on direct review when a new rule of federal constitutional criminal procedure is announced, the defendant is entitled to benefit from that new rule." *O'Meara v. State,* 679 N.W.2d 334, 339 (Minn.2004) (recognizing *Apprendi* as a new rule of law). In defining "pending," the court looked to whether the defendant's judgment of conviction has been rendered, and all rights to appeal and certiorari have been exhausted. *Id.* Because this is a direct appeal, taken from the court's resentencing, it is subject to the Supreme Court's recent ruling, and Fairbanks has squarely raised the issue in this appeal. *Cf. State v. Leja,* 684 N.W.2d 442, 447 n. 2 (Minn.2004) (noting that failure to challenge sentence on *Apprendi* grounds on appeal waives issue). We therefore vacate Fairbanks's sentence and remand to the district court for further proceedings.

## DECISION

The district court violated appellant's Sixth Amendment right to a jury trial by imposing an upward departure on his kidnapping sentence based on judicially found facts. Fairbanks did not knowingly waive his right to have a jury determine those facts, and he is entitled to relief even though he did not object in the district court on constitutional grounds. Accordingly, we vacate Fairbanks's sentence and remand for resentencing consistent with this opinion.

**Vacated and remanded.**