Argued and submitted October 26, 2004, conviction affirmed; sentence vacated; remanded for resentencing January 12, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## HUGH MICHAEL WILLIAMS, JR.,
*Appellant.*

## 0107-35081; A119910

104 P3d 1151

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

### HASELTON, P. J.

Defendant appeals from a judgment imposing a 30-year dangerous offender sentence on a conviction for burglary in the first degree, ORS 164.225; ORS 161.725. He argues that the trial court erred in imposing the sentence based on facts not pleaded in the indictment and found by a jury beyond a reasonable doubt, relying on *Blakely v. Washington*, 542 US ____ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Specifically, he contends that the judicial factfinding that "defendant is suffering from a severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of another," ORS 161.725, is impermissible under the Sixth Amendment to the United States Constitution, because that finding triggers the imposition of a sentence greater than the statutory maximum for the underlying crime. As explained below, we agree with defendant and remand for resentencing.

In *State v. Warren*, 195 Or App 656, 667-68, 98 P3d 1129 (2004), we held that the imposition of a 30-year dangerous offender sentence on a defendant based on a finding that the defendant suffered from a "severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of another," ORS 161.725, violated the rule of law announced in *Apprendi* and *Blakely* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 US at 490. *Warren* controls here.[1]

The state makes an additional argument in the present case that requires discussion. The state suggests that, because defendant waived his right to a jury trial, the Sixth Amendment is not implicated and *Apprendi* and *Blakely* do not control here. The state's argument is, in essence, that

---

[1] In *Warren*, we also rejected the defendant's argument that facts supporting a dangerous offender sentence must be pleaded in the indictment. *Warren*, 195 Or App at 670. We reject defendant's similar argument in the present case for the reasons stated in *Warren*.

defendant waived his right to a jury trial on the underlying burglary charge and, therefore, necessarily also waived his right to a jury finding on whether he had a "severe personality disorder indicating a propensity toward crimes that seriously endanger the life or safety of another." ORS 161.725. We rejected a similar argument in *State v. Gornick*, 196 Or App 397, 406-08, 102 P3d 734 (2004). In *Gornick*, the defendant pleaded guilty, after which he received a departure sentence based on judicial findings of fact. The state in *Gornick* suggested that it was possible to infer that the defendant would have waived his right to a jury trial and pled guilty even if he had been aware of the right to a jury determination of departure factors. We rejected that argument:

> "The state correctly notes that defendant entered a guilty plea, which ordinarily constitutes a waiver of the right to a jury trial. *Brady v. United States*, 397 US 742, 90 S Ct 1463, 25 L Ed 2d 747 (1970). However, it does not follow from the fact that defendant waived the right to have a jury determine some of the requisite facts that he necessarily waived the jury right entirely. *Compare id.* (stating that, because a defendant who pleads guilty 'stands as a witness against himself,' a guilty plea constitutes a waiver of a Fifth Amendment privilege against self-incrimination) *with Mitchell v. United States*, 526 US 314, 316, 119 S Ct 1307, 143 L Ed 2d 424 (1999) (holding that a defendant who pleads guilty retains the Fifth Amendment right to remain silent at a sentencing proceeding). To be valid, a waiver must be 'an *intentional* relinquishment or abandonment of a *known* right or privilege.' *Johnson v. Zerbst*, 304 US 458, 464, 58 S Ct 1019, 82 L Ed 1461 (1938) (emphasis added). For defendant's guilty plea to have constituted a valid waiver of the right to have a jury determine the aggravating factors, the record must show that he intended for his plea to extend to the aggravating factors. In other words, we will not assume that defendant waived the right to have a jury determine the aggravating factors unless the record shows that he knew, first, that he had the right to have a jury determine the aggravating factors and, second, that, by pleading guilty, he was waiving that right."

*Gornick*, 196 Or App at 407-08 (emphasis in original; footnote omitted).

That reasoning applies with equal force to a situation such as this, where defendant waived the right to a jury

trial on the charge of burglary. Although defendant here had a bench trial rather than pleading guilty as was the case in *Gornick*, the essential problem is the same: We cannot assume that defendant, by waiving a jury trial on the burglary charge, intended to waive the right to have a jury determine the facts required for imposition of an enhanced dangerous offender sentence. In particular, we note that, in this case, the record shows that defendant was unaware before trial that there was even a possibility that a dangerous offender sentence would be imposed. Thus, any implication of waiver in this case is even more attenuated than in *Gornick*: At the time that defendant opted for a court trial, he not only was unaware that he had a right to a jury determination of facts used to impose a dangerous offender sentence, but he also did not know of the possibility of such a sentence. We therefore reject the state's argument that, by waiving his right to a jury trial on the burglary charge, defendant implicitly waived his right to a jury determination of facts to support imposition of a dangerous offender sentence.

Conviction affirmed; sentence vacated; remanded for resentencing.