******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JENNIFER JOHNSON
(SC 19139)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Espinosa, Js.

*Argued October 29, 2014—officially released March 31, 2015*

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Kevin Lawlor*, state's attorney, and *Paul O. Gaetano*, supervisory assistant state's attorney, for the appellant (state).

*Annacarina Jacob*, senior assistant public defender, for the appellee (defendant).

*Opinion*

ESPINOSA, J. In this certified appeal, we consider whether a trial court is required to hold a resentencing hearing when a defendant's conviction and sentence for a lesser included offense is vacated because it constituted a violation of the double jeopardy clause, but there is no evidence in the record that leaving the defendant's sentences intact for the remaining offenses undermines the trial court's original sentencing intent. The state appeals from the judgment of the Appellate Court, upon our grant of its petition for certification, limited to the following issue: "In view of our recent decision in *State* v. *Polanco*, 308 Conn. 242, 61 A.3d 1084 (2013), did the Appellate Court properly determine that the defendant had to be resentenced, under the aggregate package theory, on the greater offense of conspiracy to possess narcotics with intent to sell?" *State* v. *Johnson*, 308 Conn. 938, 66 A.3d 881 (2013). We conclude that, although the trial court has the discretion to resentence the defendant, Jennifer Johnson, it was improper under the circumstances of the present case to order it to hold a resentencing hearing. We answer the certified question in the negative and reverse in part the judgment of the Appellate Court.[1]

The record reveals the following factual background and procedural history.[2] The defendant was convicted, following a jury trial, of conspiracy to possess narcotics with intent to sell in violation of General Statutes §§ 21a-277 (a) and 53a-48 (a), conspiracy to possess narcotics in violation of General Statutes §§ 21a-279 (a) and 53a-48 (a), possession of narcotics in violation of § 21a-279 (a), possession of less than four ounces of marijuana in violation of § 21a-279 (c), and possession of drug paraphernalia in violation of General Statutes § 21a-267 (a). *State* v. *Johnson*, 137 Conn. App. 733, 736, 49 A.3d 1046 (2012). For each of the three narcotics counts, the trial court sentenced the defendant to five years of incarceration, execution suspended after eighteen months, and three years of probation, all sentences to run concurrently. As to the remaining counts, the court sentenced the defendant to one year of incarceration for the count of possession of less than four ounces of marijuana, and to three months of incarceration for the count of possession of drug paraphernalia, to run concurrently with the sentences for the narcotics counts. The defendant's total effective sentence for all charges was five years of incarceration, execution suspended after eighteen months, and three years of probation.

At the Appellate Court, the defendant claimed, inter alia, that the "separate conspiracy convictions of possession and possession with intent to sell must be reversed because they represent but one agreement and violate the constitutional double jeopardy clause . . . ." Id., 736. Relying on the decision of the United

States Supreme Court in *Rutledge* v. *United States*, 517 U.S. 292, 307, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), the Appellate Court held that because conspiracy to possess narcotics is a lesser included offense of conspiracy to possess narcotics with intent to sell, the defendant could not properly be convicted and sentenced on both counts. *State* v. *Johnson*, supra, 137 Conn. App. 757. Accordingly, the court reversed the judgment with respect to the conviction of conspiracy to possess narcotics and remanded the case to the trial court with direction to vacate both the conviction and the sentence for that lesser included offense. Id., 766. The Appellate Court also vacated the defendant's sentence for the greater offense of conspiracy to possess narcotics with intent to sell, and "remanded for resentencing on that charge in accordance with the aggregate package theory . . . ." Id. The court did not vacate the sentences for the remaining counts. Id. This certified appeal followed.

The state does not challenge that portion of the judgment of the Appellate Court vacating the defendant's conviction and sentence on the lesser included offense of conspiracy to possess narcotics. Instead, the state appeals only with respect to the Appellate Court's decision to vacate the defendant's sentence for conspiracy to possess narcotics with intent to sell and to remand the case to the trial court with direction to resentence the defendant on that charge. Disturbing the defendant's sentence for the conviction of the greater offense, the state argues, conflicts with this court's decision in *State* v. *Polanco*, supra, 308 Conn. 242, and is neither necessary nor appropriate under the aggregate package theory of sentencing. The defendant responds that, because the record does not clearly indicate the trial court's original sentencing intent, the Appellate Court properly remanded for resentencing under the aggregate package theory.[3] Because we conclude that under the facts of the present case, there is no evidence in the record that the Appellate Court's decision vacating the conviction and sentence of the lesser included offense of conspiracy to commit possession of narcotics altered the original sentencing intent of the trial court, we reverse in part the judgment of the Appellate Court.

Before we proceed to the merits of the appeal, we note our agreement with the position that both the state and the defendant expressed during oral argument before this court, namely, that this court's decision in *State* v. *Polanco*, supra, 308 Conn. 242, did not address the question presented in this appeal. In *Polanco*, we revisited the appropriate remedy to which a defendant should be entitled upon establishing that he had been convicted of and sentenced on both a greater and lesser included offense in violation of the double jeopardy clause. Our prior precedent had followed the merger of convictions approach, vacating the sentence for the lesser included offense, but leaving the conviction for that offense intact and merging it with the conviction

for the greater offense. *State* v. *Chicano*, 216 Conn. 699, 725, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991), overruled in part by *State* v. *Polanco*, 308 Conn. 242, 245, 61 A.3d 1084 (2013). The defendant in *Polanco* relied on *Rutledge* v. *United States*, supra, 517 U.S. 292, to argue that the proper remedy was to vacate both the conviction and the sentence for the lesser included offense. We declined to resolve the issue on constitutional grounds, instead exercising our supervisory authority to conclude that "when a defendant has been convicted of greater and lesser included offenses, the trial court must vacate the conviction for the lesser offense rather than merging the convictions pursuant to *Chicano*." *State* v. *Polanco*, supra, 245. Because the defendant in *Polanco* did not request to be resentenced when his case was remanded to the trial court, this court did not consider in that decision whether, after vacating the defendant's conviction and sentence for a lesser included offense on double jeopardy grounds, a reviewing court properly should remand the case for resentencing pursuant to the aggregate package theory. Accordingly, *Polanco* does not govern the issue before us in the present appeal. Instead, the issue is controlled by our case law discussing the aggregate package theory of sentencing.

The purpose of the aggregate package theory of sentencing is to ensure that, notwithstanding the judgment of the reviewing court, the original sentencing intent of the trial court is effectuated. In *State* v. *Raucci*, 21 Conn. App. 557, 563–64, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990), in which the Appellate Court first adopted the aggregate package theory, the court explained: "It is axiomatic that a trial court has wide discretion to tailor a just sentence in order to fit a particular defendant and his crimes, as long as the final sentence falls within the statutory limits. . . . This same wide sentencing discretion equally applies to a trial court's restructuring of a sentencing plan for a defendant who has been convicted in a multiple count case and who faces a permissible range of punishment based on the individual counts. [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the . . . court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture . . . within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal." (Citations omitted; internal quotation marks omitted.) When we endorsed the Appellate Court's adoption of the aggregate package theory, we explained that a defendant "in appealing his conviction and punishment, has

voluntarily called into play the validity of the entire sentencing package . . . ." (Internal quotation marks omitted.) *State* v. *Miranda*, 260 Conn. 93, 129, 794 A.2d 506, cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002).

Although we also stated that "the proper remedy is to vacate [the sentence] in its entirety"; (internal quotation marks omitted) id.; that statement must be understood in the context of the question that we confronted in adopting the aggregate package theory, which was limited to the extent of the trial court's authority on remand to resentence a defendant. We concluded that the trial court does indeed have such power, and characterized the court's authority as permissive, rather than mandatory. Id. We clarified that "[a]lthough the court may reconstruct the sentencing package to conform to its original intent, it is not required to do so. It may, therefore, simply eliminate the sentence previously imposed for the vacated conviction, and leave the other sentences intact; or it may reconstruct the sentencing package so as to reach a total effective sentence that is less than the original sentence but more than that effected by the simple elimination of the sentence for the vacated conviction. The guiding principle is that the court may resentence the defendant to achieve a rational, coherent [sentence] in light of the remaining convictions, as long as the revised total effective sentence does not exceed the original." (Internal quotation marks omitted.) Id., 129–30.

Contrary to the state's position, however, a reviewing court need not direct the trial court to apply the aggregate package theory in order for the original sentence to be restructured. Our decisions already have established that the trial court has the authority to restructure the original sentence pursuant to the aggregate package theory, even if not ordered to do so, if the judgment of the reviewing court has disturbed the trial court's original sentencing intent. *State* v. *Michael A.*, 297 Conn. 808, 815, 1 A.3d 46 (2010). Although that authority more typically would be exercised to increase the sentence(s) on the conviction(s) remaining after a conviction and sentence have been vacated, such authority also may be exercised to decrease the remaining sentence(s).

The precise question in this appeal, therefore, is not whether the trial court has authority to resentence the defendant. The narrow issue before us is whether under the facts of the present case the Appellate Court properly *ordered* the trial court to resentence the defendant on remand. Because the trial court always retains authority to restructure the original sentence if the court determines that the judgment of the reviewing court altered its original sentencing intent, common sense and principles of judicial economy dictate that, in a case in which the judgment of the reviewing court

does not change the total effective sentence, the reviewing court should not order the trial court to resentence a defendant on the remaining convictions unless there is some evidence or some other basis in the record supporting the conclusion that the judgment of the reviewing court altered the original sentencing intent. Adopting a default rule requiring the trial court to revisit the entire sentence, even when there is no evidence in the record suggesting that the court's original sentencing intent was affected by the decision of the reviewing court, would waste valuable judicial resources.

Under the facts of the present case, the Appellate Court's decision to vacate the defendant's sentence for conspiracy to possess narcotics with intent to sell, and remand for resentencing on that count in accordance with the aggregate package theory is simply not supported by the record. The decision of the Appellate Court had no effect on the total effective sentence. On each of the narcotics counts, the trial court sentenced the defendant to five years of incarceration, execution suspended after eighteen months, and three years of probation, to run concurrently. Because the sentences on the remaining counts were shorter, and ran concurrently to the sentences for the narcotics counts, the concurrent sentences for the narcotics counts resulted in a total effective sentence of five years of incarceration, execution suspended after eighteen months, and three years of probation. The decision of the Appellate Court affected only one conviction and one sentence, for the lesser included offense of conspiracy to possess narcotics. The total effective sentence, therefore, was not altered by the Appellate Court's decision.

The Appellate Court's decision also did not affect any of the conduct that served as the predicate for the defendant's sentence. Although the court vacated the defendant's conviction and sentence for the lesser included offense of conspiracy to possess narcotics, the court left standing the conviction for the greater offense of conspiracy to possess narcotics with intent to sell. By definition, "[a] lesser included offense is one that does not require proof of elements beyond those required by the greater offense." *State* v. *Johnson*, supra, 137 Conn. App. 753. Accordingly, because the conviction for the greater offense required proof of all of the elements that comprised the lesser included offense, the judgment of the Appellate Court vacating the defendant's conviction and sentence for conspiracy to possess narcotics had no effect on the conduct on which the trial court relied in sentencing the defendant. That is, all of the conduct that served as a predicate for the defendant's conviction for conspiracy to possess narcotics also formed the basis for the defendant's conviction for the greater offense of conspiracy to possess narcotics with intent to sell. It was that conduct that the court relied on in determining the appropriate sentence for the defendant. The trial court's remarks at

the sentencing hearing indicate that the court based its determination of the appropriate sentence on the defendant's lack of awareness of her addiction to prescription medication and her failure to take responsibility for her addiction.

Under the facts of this record, which reflect that after the judgment of the Appellate Court, the same total effective sentence remains in place, based on the same conduct on which the trial court relied in the first instance, there is no basis for the reviewing court to conclude that the trial court's original sentencing intent has been disturbed. Accordingly, although the trial court retains authority to restructure the defendant's entire sentence if that court determines that doing so is necessary to retain its original sentencing intent, it is neither necessary nor appropriate under these particular facts for a reviewing court to *require* the trial court to conduct a new sentencing hearing.

The judgment of the Appellate Court is reversed only with respect to its orders vacating the sentence for conspiracy to possess narcotics with intent to sell and remanding the case to the trial court for resentencing; the judgment is affirmed in all other respects.

In this opinion the other justices concurred.

[1] In the defendant's certified appeal from the Appellate Court's judgment, Docket No. SC 19062, which we heard concurrently with the state's certified appeal, this court held that the Appellate Court improperly determined that the defendant implicitly waived her instructional claim as to nonexclusive possession and constructive possession, and concluded that although the instruction on possession was deficient, the impropriety was harmless beyond a reasonable doubt in light of the evidence and the state's theory of the case. *State* v. *Johnson*, 316 Conn. 45,      A.3d      (2015).

[2] For a more detailed summary of the factual background, see *State* v. *Johnson*, 137 Conn. App. 733, 736–38, 49 A.3d 1046 (2012).

[3] The defendant claims that the remand order was improper, however, insofar as the Appellate Court only vacated the sentence for conspiracy to possess narcotics with intent to sell. The defendant contends that the sentences on all of the remaining convictions should have been vacated, thereby permitting the trial court to resentence her on the remaining convictions consistent with the trial court's original sentencing intent. See *State* v. *Miranda*, 260 Conn. 93, 129, 794 A.2d 506 (indicating that, when reviewing court remands case for resentencing pursuant to aggregate package theory, "the proper remedy is to vacate [the sentence] in its entirety" [internal quotation marks omitted]), cert. denied, 537 U.S. 902, 123 S. Ct. 224, 154 L. Ed. 2d 175 (2002). We note that the defendant did not file a cross appeal raising this claim. In any event, our resolution of the state's claim negates the factual predicate for this claim.