ABDUL MUKHTAAR *v.* COMMISSIONER OF
CORRECTION
(AC 29469)

Bishop, DiPentima and Gruendel, Js.

Argued January 8—officially released March 10, 2009

*Christopher M. Neary*, special public defender, for the appellant (petitioner).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's

attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Abdul Mukhtaar, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. We dismiss the petitioner's appeal.

The petitioner was involved in a shooting incident on February 14, 1996. He thereafter was charged and, following a jury trial, convicted of murder in violation of General Statutes § 53a-54a. The trial court sentenced the petitioner to a total effective term of fifty years incarceration. The petitioner appealed directly from that judgment of conviction, which our Supreme Court affirmed. See *State* v. *Mukhtaar*, 253 Conn. 280, 750 A.2d 1059 (2000).

On December 21, 2006, the petitioner filed a two count amended petition for a writ of habeas corpus. Count one alleged ineffective assistance of trial counsel. Specifically, the petitioner alleged that trial counsel rendered deficient performance in (1) advising him not to testify at trial and (2) "not seeking additional questioning or investigation into the possibility of juror bias." In count two, the petitioner alleged juror bias.

A habeas trial followed. By memorandum of decision filed October 26, 2007, the court concluded that the petitioner's claims concerning alleged juror bias were raised before, and addressed by, our Supreme Court on direct appeal. See *State* v. *Mukhtaar*, supra, 253 Conn. 292–98. We agree. The court further credited the testimony of James Swaine, who, testifying as an expert witness for the petitioner, answered affirmatively to the question of whether "each of the jurors [who] rendered a decision in this case indicated that there was nothing

that had occurred in the courtroom, outside of the courthouse, anywhere in the area that would have affected their ability to give a fair verdict."

As to the claim of deficient performance in advising the petitioner not to testify, the court credited the testimony of Gerald Bodell, the petitioner's trial counsel. Bodell testified that he informed the petitioner that ultimately, it was the petitioner's decision whether to testify. Bodell explained that in investigating the case against the petitioner, he spoke with the petitioner's sister in New Jersey to determine whether she would support his alibi that he was in New Jersey with her at the time of the shooting. Bodell testified that the sister did not confirm the petitioner's alibi. Bodell further stated that he knew from his review of the records that the petitioner had lied to the police earlier in the case. Bodell also expressed his concern that the petitioner possibly could perjure himself were he to testify as to his alleged alibi. In addition, Bodell testified that he informed the petitioner of the potential pitfalls of cross-examination, to which he would be subjected if he testified. Bodell testified that those considerations led him to advise the petitioner not to take the witness stand. On its review of the evidence before it, including the testimony of the petitioner and Bodell, the court concluded that the petitioner failed to satisfy his burden of proving deficient performance on the part of trial counsel. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The court subsequently denied the petition for certification to appeal, and this appeal followed.

Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must establish that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, 90 Conn. App.

702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). To do so, a petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). After a careful review of the record and briefs, we conclude that the petitioner has not met that substantial burden. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 616.

The appeal is dismissed.