******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* ABDUL MUKHTAAR
## (AC 41550)

DiPentima, C. J., and Sheldon and Moll, Js.

*Syllabus*

The defendant, who had been convicted of the crime of murder in connection with the shooting death of the victim, appealed to this court from the trial court's dismissal of his motion to correct an illegal sentence. In his motion, he had alleged that his sentence was illegal because the same trial judge presided over his probable cause hearing and the criminal trial, the trial judge was biased and did not order a competency examination, and there were inconsistent statements by witnesses during the criminal investigation and trial. At the hearing on his motion, he also claimed that his sentence was illegal because the police had lost and destroyed evidence before the criminal trial and that he was the victim of implicit bias. On appeal, he claimed that the court improperly concluded that it lacked jurisdiction to consider the issues raised in his motion. *Held* that the trial court properly dismissed the defendant's motion to correct an illegal sentence; because the claims raised by the defendant in his motion to correct an illegal sentence concerned the pretrial proceedings and the criminal trial, and did not attack the sentencing proceeding itself, and his claims of bias likewise were not limited to the evidence of the sentencing proceeding, nor did they concern an illegal sentence or a sentence imposed in an illegal manner, the trial court properly determined that it lacked jurisdiction to consider the defendant's motion to correct an illegal sentence.

Argued January 22—officially released April 9, 2019

*Procedural History*

Information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of Fairfield and tried to the jury before *Gormley, J.*; verdict and judgment of guilty, from which the defendant appealed to the Supreme Court, which affirmed the judgment; thereafter, the court, *Devlin, J.*, dismissed the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*Abdul Mukhtaar*, self-represented, the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *C. Robert Satti, Jr.*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Abdul Mukhtaar, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence filed pursuant to Practice Book § 43-22.[1] On appeal, he argues that the court improperly dismissed this motion. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of this appeal. The defendant was convicted of murder in violation of General Statutes § 53a-54a and sentenced to fifty years incarceration. See *State* v. *Mukhtaar*, 253 Conn. 280, 281–82, 750 A.2d 1059 (2000).[2] Our Supreme Court affirmed the judgment of conviction on direct appeal. See id., 282.[3]

The defendant filed the motion to correct an illegal sentence that is the subject of the present appeal on January 19, 2018. In this motion, the defendant alleged that his sentence was illegal because (1) Judge Gormley had presided over both the defendant's probable cause hearing[4] and the criminal trial, (2) Judge Gormley was biased, (3) Judge Gormley did not order a competency examination pursuant to General Statutes (Rev. to 1997) § 54-56d[5] and (4) there were inconsistent statements by witnesses during the criminal investigation and trial.

On February 14, 2018, the court conducted a hearing on the defendant's motion. In addition to the claims set forth in his motion, the defendant also claimed that his sentence was illegal because the Bridgeport Police Department lost and destroyed evidence before the criminal trial and that he was the victim of implicit bias. One week later, the court, *Devlin, J.*, issued a memorandum of decision dismissing the defendant's motion to correct an illegal sentence. After setting forth the relevant law, the court concluded: "None of the six claims raised by the defendant concerns his sentence or the manner in which it was imposed. To the contrary, his claims regarding judicial bias, lack of competency examination, implicit bias, inconsistent statements, lost evidence and that the same judge presided over the [probable cause hearing] and trial, all concern the underlying conviction and not the defendant's sentence. Accordingly, this court lacks jurisdiction to consider these claims." This appeal followed. Additional facts will be set forth as necessary.

On appeal, the defendant claims that the court improperly concluded that it lacked jurisdiction to consider the issues raised in his motion to correct an illegal sentence. The state counters, inter alia, that all of the defendant's issues focus on the events that occurred prior to his sentencing, and therefore the court properly dismissed the motion to correct. We agree with the state.

At the outset, we identify our standard of review.

"Our determination of whether a motion to correct falls within the scope of Practice Book § 43-22 is a question of law and, thus, our review is plenary." (Internal quotation marks omitted.) *State* v. *Anderson*, 187 Conn. App. 569, 584, A.3d (2019); see also *State* v. *Delgado*, 323 Conn. 801, 810, 151 A.3d 345 (2016); *State* v. *Robles*, 169 Conn. App. 127, 131, 150 A.3d 687 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017).

Next, we set forth the legal principles pertaining to the trial court's jurisdiction following a judgment of conviction. "The Superior Court is a constitutional court of general jurisdiction. In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence. . . . Because it is well established that the jurisdiction of the trial court terminates once a defendant has been sentenced, a trial court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act. . . . [Practice Book] § 43-22 embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition. . . . Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of § 43-22, the court lacks jurisdiction to entertain it. . . . *[I]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack. . . .*

"[A]n illegal sentence is essentially one [that] either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. By contrast . . . [s]entences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way [that] violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . . These definitions are not exhaustive, however, and the parameters of an invalid sentence will evolve . . . as additional rights and procedures affecting sentencing are subsequently recognized under state and federal law." (Emphasis added; internal quotation marks omitted.) *State* v. *Anderson*, supra, 187 Conn. App. 583–84; see also *State* v. *Evans*, 329 Conn. 770, 778–80, 189 A.3d 1184 (2018), cert. denied, U.S. , S. Ct. , L. Ed. 2d (2019); *State* v. *Parker*,

295 Conn. 825, 833–39, 992 A.2d 1103 (2010); see generally *State* v. *Lawrence*, 281 Conn. 147, 153–59, 913 A.2d 428 (2007); *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).

Next, we turn to the specific allegations contained in the defendant's motion to correct an illegal sentence. He claims that his sentence was illegal because Judge Gormley had presided over the probable cause hearing and the criminal trial, two of the state's witnesses had provided inconsistent statements during the criminal investigation and trial proceedings, Judge Gormley did not order a competency hearing on behalf of the defendant either "pre or post trial,"[6] and the Bridgeport Police Department had lost and destroyed evidence prior to the criminal trial. These contentions do not attack the sentencing proceeding but, rather, concern the pretrial proceedings and the criminal trial. "[I]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the [proceedings] leading to the conviction, must be the subject of the attack." (Internal quotation marks omitted.) *State* v. *Cruz*, 155 Conn. App. 644, 651, 110 A.3d 527 (2015); see also *State* v. *St. Louis*, 146 Conn. App. 461, 466–67, 76 A.3d 753, cert. denied, 310 Conn. 961, 82 A.3d 628 (2013).

The remaining two allegations of the defendant, that there was an implicit bias against him because he is African-American and the victim was Caucasian, and that Judge Gormley was biased as evidenced by his failure to order a competency hearing, likewise are not limited to the events of the sentencing proceeding. Additionally, they do not fit within the definitions of either an illegal sentence or a sentence imposed in an illegal manner. See *State* v. *Anderson*, supra, 187 Conn. App. 583–84; see also *State* v. *Evans*, supra, 329 Conn. 779. We iterate that "[t]he claims that may be raised in a motion to correct an illegal sentence are strictly limited to improprieties that may have occurred at the sentencing stage of the proceeding. . . . Thus . . . for the trial court to have jurisdiction to consider the defendant's claim of an illegal sentence, the claim must fall into one of [several specific] categories of claims that, under the common law, the court has jurisdiction to review." (Internal quotation marks omitted.) *State* v. *Walker*, 187 Conn. App. 776, 784, A.3d (2019). For these reasons, we conclude that the trial court properly determined that it lacked jurisdiction to consider the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] Our Supreme Court set forth the following facts underlying the defendant's conviction. "At approximately 4 p.m. on February 14, 1996, Benjamin

Sierra, Jr., was driving his parents' car on Fairfield Avenue in Bridgeport. While stopped at a red light at the intersection of Fairfield and Iranistan Avenues, Sierra spotted two young women, Tracey Gabree and Terri Horeglad, with whom he was acquainted, standing at a nearby pay telephone. Sierra waved to Gabree and Horeglad and they approached and entered Sierra's car. Horeglad sat in the front passenger seat and Gabree sat in the back seat.

"Gabree asked Sierra for a cigarette. Sierra then turned around and gave her a cigarette and a light. Sierra asked Gabree and Horeglad where they were going and one of them responded that they were homeless and just wanted to get warm.

"When Sierra turned back toward the front of the car, he observed that his vehicle was blocked by a tan car that was facing the wrong direction on Fairfield Avenue. At that moment, Gabree shouted: 'Oh shit, Kareem!' Gabree then fled from Sierra's car. A man, later identified by Sierra and Gabree as the defendant, emerged from the tan car and approached the passenger side of Sierra's car, where Horeglad remained seated. Sierra jumped out of his car and asked the defendant what was wrong. The defendant, who did not respond, pulled out what appeared to be a .32 or .38 caliber chrome plated revolver and fired four shots at Horeglad, each of which entered the right side of her body. Horeglad died as a result of the gunshot wounds." *State* v. *Mukhtaar*, supra, 253 Conn. 282–83.

[3] Thereafter, the defendant pursued a variety of claims for relief, including a request for sentence review; *State* v. *Mukhtaar*, Superior Court, judicial district of Fairfield, Docket No. CR-96-116888, 2003 WL 22708180 (October 28, 2003), a 2001 habeas action; *Mukhtaar* v. *Commissioner of Correction*, 113 Conn. App. 114, 964 A.2d 1251, cert. denied, 291 Conn. 913, 969 A.2d 175 (2009); a 2008 habeas petition; *Mukhtaar* v. *Commissioner of Correction*, 158 Conn. App. 431, 119 A.3d 607 (2015); a 2013 motion to correct an illegal sentence; *State* v. *Mukhtaar*, Superior Court, judicial district of Fairfield, Docket No. CR-96-261380, 2013 WL 5614541 (September 20, 2013); a petition for a new trial; *Mukhtaar* v. *Smriga*, Superior Court, judicial district of Fairfield, Docket No. CV-13-4044407-S, 2013 WL 6439645 (November 12, 2013); and a 2015 motion to correct an illegal sentence; *State* v. *Mukhtaar*, 179 Conn. App. 1, 177 A.3d 1185 (2017). Additionally, the defendant's 2014 petition for a writ of habeas corpus remains pending before the habeas court; *Mukhtaar* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-14-4006364-S.

[4] See General Statutes (Rev. to 1995) § 54-46a.

[5] At the hearing for the motion to correct an illegal sentence, the court inquired if the defendant's criminal counsel had requested a competency hearing at the defendant's trial. The defendant represented that no such request had been made.

[6] We note that a claim regarding a defendant's competency at the sentencing proceeding; see General Statutes § 54-56d (a); or a claim that the court failed to inquire, sua sponte, into a defendant's competency at the sentencing proceeding when there is sufficient evidence at that proceeding to raise a reasonable doubt as to whether that defendant can understand the proceeding or assist in his or her defense therein; *State* v. *Yeaw*, 162 Conn. App. 382, 389–90, 131 A.3d 1172 (2016); would fall within the jurisdiction of the trial court for the purpose of a motion to correct an illegal sentence filed pursuant to Practice Book § 43-22. In the present case, however, the defendant's claims regarding the lack of a competency hearing extend beyond the events of the sentencing proceeding and, therefore, are outside of the trial court's jurisdiction.