******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SHELDON, J., concurring in part and dissenting in part. I agree with my colleagues' determination, in part I of their majority opinion, that the defendant's first claim of error—an unpreserved claim that the trial court improperly failed to refer his motion to correct an illegal sentence to the judge who imposed the challenged sentence upon him—is not reviewable and reversible under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015), for the reasons stated in this court's recent decision in *State* v. *Battle*, 192 Conn. App. 128, 146-47,        A.3d        (2019).[1] As for the defendant's second, and principal, claim, however—that the trial court erred in dismissing his motion to correct for lack of subject matter jurisdiction because the motion purportedly challenged only the legality of his underlying conviction rather than the legality of the manner in which his sentence was imposed—I disagree with that portion of the majority's decision, in part II thereof, which concludes that, despite legal error in the trial court's jurisdictional analysis, its judgment of dismissal should be affirmed on the alternative ground that the claims pleaded in the motion to correct are not colorable claims. Concluding, as I do, that the defendant's motion to correct does state a colorable claim that he was incompetent at the time he was sentenced, which this court has recognized as a valid legal basis for moving to correct a sentence on the ground that it was imposed in an illegal manner; see *State* v. *Mukhtaar*, 189 Conn. App. 144, 150 n.6., 207 A.3d 29 (2019); I would reverse the judgment of the trial court and remand this case for further proceedings on that potentially viable aspect of the defendant's motion to correct. I respectfully dissent from the majority's conclusion to the contrary.

"[F]or the trial court to have jurisdiction over a defendant's motion to correct a sentence that was imposed in an illegal manner, the defendant must put forth a colorable claim that his sentence, in fact, was imposed in an illegal manner. A colorable claim is [a] claim that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law). . . . For jurisdictional purposes, to establish a colorable claim, a party must demonstrate that there is a possibility, rather than a certainty, that a factual basis necessary to establish jurisdiction exists." (Citation omitted; internal quotation marks omitted.) *State* v. *Jason B.*, 176 Conn. App. 236, 245, 170 A.3d 139 (2017). "A colorable claim is one that is superficially well founded but that may ultimately be deemed invalid . . . . For a claim to be colorable, the defendant need not convince the trial court that he necessarily will

prevail; he must demonstrate simply that he might prevail." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Evans*, 329 Conn. 770, 784, 189 A.3d 1184 (2018), cert. denied,     U.S.     , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019).

To assess the colorability of a claim presented in a motion to correct, the court must examine the facts pleaded in the motion and in the documents and materials attached to the motion and/or relied on therein. Upon viewing such pleaded facts in the light most favorable to sustaining its exercise of jurisdiction over the claims based on them; see *Keller* v. *Beckenstein*, 305 Conn. 523, 531, 46 A.3d 102 (2012) ("[i]t is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged"); the court must exercise jurisdiction over any claim it finds to be colorable, because such pleaded facts, if proved, establish a possibility that jurisdiction over the claim exists.

In his motion to correct, the defendant expressly claimed that he was sentenced in an illegal manner because he was incompetent at the time of sentencing. He filed the motion along with a detailed memorandum of law in which he argued both his incompetency at sentencing claim and an alternative claim that the sentencing court sentenced him in an illegal manner by failing to order, sua sponte, that his mental competency be evaluated by mental health professionals before it sentenced him. The defendant argued both claims in his memorandum on the basis of an extensive set of records and materials, all attached to his memorandum, which documented his lengthy history of suffering from and receiving treatment for paranoid schizophrenia, a serious mental illness that had sometimes caused him to experience hallucinations.

The defendant recounted in his memorandum that at his sentencing hearing, there was discussion of his psychiatric background, including his diagnosis of paranoid schizophrenia, by both the prosecutor and his defense attorney. The court, he noted, was presented with a report from his forensic psychiatrist, Dr. Peter Morgan, who stated that he had "suffered from the psychotic symptoms for many years without treatment, and this may contribute to an increased likelihood of worse symptoms, more chronic symptoms and/or more frequent exacerbations of symptoms." The defendant further noted that his attorney had told the court that he had been receiving mental health treatment while incarcerated, which included the administration of antipsychotic medication. He also reported that his attorney had told the court at sentencing that his symptoms had improved to the point that he was then "calm, rational, and understood and appreciated the seriousness of the situation."

Notwithstanding his attorney's foregoing representa-

tions to the court as to the course of his treatment while incarcerated and improving mental health at the time of sentencing, the defendant argued in his memorandum that substantial additional evidence had become available since the date of sentencing that shed new and important light on the course of his mental illness and psychiatric treatment prior to sentencing. The defendant argued that this new information, which was set forth in the documents and materials attached to his memorandum, demonstrated that he may not have been competent when he was sentenced despite his counsel's reassuring observations to the contrary. He claimed, more particularly, that the following events, all documented in attached records from the Department of Correction (department), demonstrated that he may have lacked a rational and factual understanding of the proceedings against him on the date he was sentenced. First, before he entered his guilty plea on June 25, 2012, the clinical records of the department reported that he had missed several doses of his prescribed anti-psychotic medication. Second, although he had agreed with the state to plead guilty to manslaughter in the first degree and assault in the first degree in exchange for a total effective sentence of twenty-five years of incarceration, he told department staff that he had agreed to a sentence of twenty years in exchange for a guilty plea to murder. Third, in the period following his guilty plea but before his sentencing on July 23, 2012, department records reported that the defendant was continuing to miss doses of his prescribed anti-psychotic medication intermittently, and at times reported experiencing auditory hallucinations. Fourth, in that same time frame, he again misstated the terms of his plea agreement, reporting incorrectly that he would be sentenced to twenty years of incarceration on the charge of manslaughter. Fifth, approximately one month after he was sentenced to a term of twenty-five years of incarceration, he told his mental health treaters a third time that he was confused about his sentence, informing a department social worker that he was then serving a thirty year sentence for manslaughter.

On the basis of the foregoing facts, I agree with the majority's conclusion that the defendant failed to put forth a colorable claim that the trial court was required to inquire into his competence on the date he was sentenced based on the facts before it at that time.[2] I believe, however, that the defendant did put forth a colorable claim that he was incompetent in fact at the time of sentencing based primarily upon the new facts, which were documented in department records that had first come to light after the date of his sentencing. The distinction between the two claims for this purpose lies in the difference between the more limited information that was known to the sentencing court on the date of sentencing and the fuller factual record that was

presented to the trial court in support of the defendant's motion to correct.

On the basis of the record before the sentencing court, which included defense counsel's contemporaneous report as to the defendant's ongoing treatment regimen and improving lucidity, I would agree with the state and the majority that the sentencing court had no obligation to order a competency evaluation, sua sponte, because there was insufficient evidence before the court to raise a reasonable doubt that he then lacked a rational and factual understanding of the proceedings against him, and thus was incompetent. See *State* v. *Yeaw*, 162 Conn. App. 382, 389–90, 131 A.3d 1172 (2016). By contrast, the additional, well documented facts presented to the trial court in the motion to correct concerning the defendant's failure to take his prescribed anti-psychotic medication in the weeks before he was sentenced, his contemporaneous experiencing of auditory hallucinations and his confusion, before and after he was sentenced, about the terms of his plea bargain and the length of his sentence, both as agreed to and as imposed, raise at least a genuine possibility that when he was sentenced he was incompetent because he lacked a rational and factual understanding of the proceedings against him due to his ongoing mental illness.

In announcing its decision that the defendant's claim that he was incompetent when he was sentenced was not colorable, the majority wrote that "the statements reportedly made by the defendant before and after his sentencing suggesting that he misunderstood the length of his sentence cannot be viewed rationally as establishing that he was not competent at the time of sentencing." Insofar as the majority's conclusion suggests that the defendant had the burden of proving that he was not competent at the time of sentencing in order for his claim to be considered colorable, it is simply incorrect. The defendant need not convince the court that he will prevail on his claim, nor even that he will probably prevail on it, for the claim to be considered colorable; rather, he need only demonstrate that if the facts he had pleaded in support of the claim are proved, there is a possibility that he will prevail on that claim.[3] Insofar as the majority's conclusion can be read as a determination that the facts pleaded by the defendant, if proved, would be insufficient to raise even the possibility that he was incompetent at the time of sentencing, I respectfully disagree. Considered in light of the defendant's lengthy mental health history, his documented statements expressing confusion about the nature of his plea agreement and the length of his sentence, his documented failure to follow his treatment regimen in the weeks before he was sentenced and his contemporaneous experiencing of auditory hallucinations, combine to raise at least the possibility that he was incompetent when he was sentenced, and are thus sufficient to put

forth a colorable claim that his sentence was imposed in an illegal manner.

For the foregoing reasons, I would conclude that the court erred in dismissing the defendant's motion to correct, and would reverse the judgment of the trial court and remand this case for further proceedings on the defendant's colorable claim that he was sentenced in an illegal manner because he was incompetent when he was sentenced. Therefore, I respectfully dissent from part II of the majority opinion.

[1] Although I do not believe that the majority has reason to reach and decide the claim discussed in part I of their opinion, in light of their conclusion in part II of the opinion that the trial court lacked subject matter jurisdiction over the defendant's principal claim, I would reach that issue and dispose of it as the majority has done due to its likelihood of arising on remand if the court ordered remand as I have proposed.

[2] I note that the state argues that the defendant's claim that he was incompetent when he was sentenced, as evidenced by information that was never before the sentencing court, does not fall within the purview of Practice Book § 43-22 because the claim does not relate to any alleged error on the part of the sentencing court. In support of its argument, the state cites *State* v. *Parker*, 295 Conn. 825, 992 A.2d 1103 (2010), for the proposition that a trial court lacks subject matter jurisdiction to consider a defendant's motion to correct when the motion does not relate to any improper action by the trial court. Thus, the state argues that without evidence that the sentencing court knew of the information in the department's records at the time of sentencing, the defendant could not have been sentenced in an illegal manner. The state's reliance on *Parker* is misplaced. It is axiomatic that there are claims that fall within the purview of Practice Book § 43-22 that do not require the court to have had knowledge of the alleged error. For example, a judge who relies on materially untrue or unreliable information at sentencing imposes sentence in an illegal manner even though he or she does not then know that the information so relied on is inaccurate. See e.g., *Townsend* v. *Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948). Therefore, I reject the state's assertion that the court must have had knowledge of the additional evidence raised in the motion to correct at the time of sentencing for his claim to be colorable.

[3] Similarly, the state has argued that the defendant failed to set forth a colorable claim that he was incompetent at sentencing because existing law presumes a defendant's competence; see General Statutes § 54-56d. This argument is also unavailing. The state asserts that the facts cited by the defendant in support of his claim may establish that he suffered from mental health issues, but are insufficient to overcome the presumption of competence to establish a colorable claim. The state's argument suggests that in order to establish jurisdiction for his motion to correct, the defendant is required to prove the merits of his claim, which in the present case would have required him to overcome the presumption of competence. As this court recently explained in *State* v. *Jason B.*, supra, 176 Conn. App. 244: "At issue is whether the defendant has raised a colorable claim within the scope of Practice Book § 43-22 that would, *if the merits of the claim were reached and decided in the defendant's* favor, require correction of a sentence." (Emphasis altered). The state misconstrues this language to suggest that a defendant must prove that he would succeed on the merits of his motion to correct before it may be heard. This is not so. In order to establish subject matter jurisdiction over the motion to correct, the defendant needed only to present sufficient facts to establish that his claim of incompetence is a "possibility, rather than a certainty"; *State* v. *Jason B.*, supra, 245; and is "superficially well founded but may ultimately be deemed invalid." *State* v. *Evans*, supra, 329 Conn. 784.