******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* ABDUL MUKHTAAR
(AC 42490)

DiPentima, C. J., and Alvord and Flynn, Js.

*Syllabus*

The defendant, who had been convicted of the crime of murder, appealed
to this court from the trial court's dismissal of his motion for a second
sentence review hearing. He claimed that the trial court violated his
due process rights when it dismissed the motion after finding that it
lacked subject matter jurisdiction. *Held* that the trial court properly
determined that it lacked subject matter jurisdiction to consider the
defendant's motion for a second sentence review; the sentence review
committee previously had reviewed the defendant's sentence and issued
a final decision, and the defendant had no right to a second sentence
review hearing.

Argued September 24—officially released December 24, 2019

*Procedural History*

Information charging the defendant with the crime
of murder, brought to the Superior Court in the judicial
district of Fairfield, and tried to the jury before *Gorm-
ley, J.*; verdict and judgment of guilty, from which
the defendant appealed to our Supreme Court, which
affirmed the judgment; thereafter, the court, *Devlin,
J.*, denied the defendant's motion to correct an illegal
sentence; subsequently, the court, *Devlin, J.*, denied
the defendant's motion to allow expert testimony, and
the defendant appealed to this court, which reversed
the denial of the motion to correct an illegal sentence
and directed the trial court to dismiss the defendant's
motion; subsequently, the court, *Devlin, J.*, dismissed
the defendant's motion to request a sentence review
hearing, and the defendant appealed to this court.
*Affirmed.*

*Abdul Mukhtaar*, self-represented, the appellant
(defendant).

*Jennifer F. Miller*, assistant state's attorney, with
whom, on the brief, were *John Smriga*, state's attorney,
and *Marc R. Durso*, senior assistant state's attorney,
for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Abdul Mukhtaar, appeals from the trial court's dismissal of his motion for a second sentence review hearing. The court dismissed the defendant's motion after finding that it lacked subject matter jurisdiction to consider the motion. We affirm the judgment of the court dismissing the defendant's motion.

The following facts, taken from one of the defendant's prior appeals,[1] and procedural history are relevant to this appeal. "On February 14, 1996, the defendant shot and killed Terri Horeglad . . . . [The defendant] was arrested, charged and, following a jury trial, convicted of murder in violation of General Statutes § 53a-54a. On September 19, 1997, the trial court sentenced the defendant to fifty years imprisonment." *State* v. *Mukhtaar*, 179 Conn. App. 1, 3, 177 A.3d 1185 (2017). Subsequently, the defendant's sentence was reviewed by the sentence review division of the Superior Court, which concluded that the defendant's sentence was "neither inappropriate nor disproportionate" and, thus, affirmed it in 2003.

On or about October 22, 2018, the defendant filed a motion with the Superior Court that was disconnected from any pending action to request a second sentence review hearing. In his motion, the defendant argued that an April, 2015 "psychological evaluation [that] determined that the defendant was not capable to aid and assist in his own defense [at] pretrial, [at] trial, and at sentencing" was "newly discovered evidence" that entitled him to a second sentence review hearing. On November 21, 2018, the court held argument on the defendant's motion. The defendant explained that he first made his request for a second sentence review hearing to the sentence review division, which informed the defendant that it lacked jurisdiction to grant the defendant's request and that he would have to make his request to the trial court. The court issued a memorandum of decision on November 28, 2018, in which it held that it lacked jurisdiction to consider the defendant's motion and, accordingly, dismissed the motion.

In its memorandum of decision, the court succinctly stated: "Under Connecticut law, a trial court is ordinarily without jurisdiction to modify a lawful sentence that a defendant has begun to serve. . . . The legislature, however, may confer jurisdiction to modify executed sentences. . . . The Connecticut legislature has provided two avenues for sentence modification. For total effective sentences of three years or more, review is available through the sentence review division pursuant to General Statutes § 51-195. For definite sentences of three years or less, General Statutes § 53a-39 allows a defendant to seek modification of the sentence from the sentencing court or judge.

"The sentence review division is a creature of statute established in 1957 by Public Act 57-436. The statutory scheme provides a defendant with what is, in effect, a limited opportunity for reconsideration of the sentence imposed. The decision of the review board is final. General Statutes § 51-196 (d).

"The statutory scheme, by its terms does not provide for any reconsideration of sentences that have been reviewed. Moreover, this court is unaware of any authority that this court has to order the sentence review division to conduct such reconsideration.

"Accordingly, this court finds that it lacks jurisdiction to consider the defendant's motion and it is therefore dismissed." (Citations omitted; footnote omitted.) The defendant filed this appeal.

The defendant claims that the trial court violated his due process rights when it dismissed his motion seeking a second sentence review hearing. "It is well settled that [a] determination regarding a trial court's subject matter jurisdiction is a question of law and, therefore, we employ the plenary standard of review and decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Internal quotation marks omitted.) *Holliday* v. *Commissioner of Correction*, 184 Conn. App. 228, 233, 194 A.3d 867 (2018).

"[T]he jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." (Internal quotation marks omitted.) *State* v. *Tabone*, 279 Conn. 527, 533, 902 A.2d 1058 (2006). "The purpose and effect of the Sentence Review Act is to afford a convicted person a *limited* appeal for reconsideration of his sentence. . . . It thus gives him an optional de novo hearing as to the punishment to be imposed." (Citations omitted; emphasis added.) *State* v. *Nardini*, 187 Conn. 109, 121–22, 445 A.2d 304 (1982); General Statutes § 51-194 et seq. To receive sentence review, an individual "file[s] with the clerk of the court for the judicial district in which the judgment was rendered an application . . . ." General Statutes § 51-195. After an application is filed, the clerk shall forward the application to the review division and notify the sentencing judge. General Statutes § 51-195. "On review of the original sentence the division is authorized to let the original sentence stand, to increase or decrease it or may order such different sentence to be imposed as could have been imposed at the time of the original sentence." *State* v. *Nardini*, supra, 119–20; General Statutes § 51-196 (a). If a "different sentence or disposition" is ordered by the review division, "the Superior Court shall resentence the defendant or make any other disposition of the case ordered by the review division."

General Statutes § 51-196 (d). Section 51-196 (d), however, "makes the decision of the sentence review division final . . . ." *State* v. *Nardini*, supra, 117. Significantly, the Sentence Review Act expresses no right to a second sentence review hearing. See General Statutes § 51-194 et seq.

Because the sentence review division reviewed the defendant's sentence and, after its review, issued a final decision in 2003, and because the defendant has no right to a second sentence review hearing, the trial court determined correctly that it lacked subject matter jurisdiction over the defendant's motion seeking a second sentence review hearing.

The judgment is affirmed.

[1] This appeal is the sixth filed by the defendant to an appellate court since being sentenced in 1997 in addition to other challenges to his conviction. See *State* v. *Mukhtaar*, 189 Conn. App. 144, 146 n.3, 207 A.3d 29 (2019) (listing defendant's prior appeals and trial court actions).