******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* CHARLES MARSHALL
(AC 43866)

Bright, C. J., and Alvord and Pellegrino, Js.

*Syllabus*

The defendant, who had been convicted of assault in the first degree and multiple counts of burglary and who had his probation revoked following a trial to the court in 2009, appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant also had pleaded guilty at his 2009 trial to being a persistent serious felony offender pursuant to statute (§ 53a-40 (c)) and the trial court, in 2010, enhanced the defendant's sentence pursuant to statute ((Rev. to 2007) § 53a-40 (j)) after determining that his extended incarceration would best serve the public interest. In 2008, the legislature had amended § 53a-40 to remove the requirement of a public interest determination. The defendant claimed that because he was sentenced in 2010, the sentencing judge improperly applied the 2007 revision of § 53a-40 (j) when it enhanced his sentence. The defendant also claimed in his motion to correct an illegal sentence that he was improperly denied a probable cause hearing and challenged the revocation of his parole. Following a hearing, the trial court denied the defendant's motion and the defendant appealed to this court. *Held*:

1. The trial court did not err in denying the defendant's motion to correct an illegal sentence and concluding that he was properly sentenced pursuant to the 2007 revision of § 53a-40 (j); the 2008 amendment to § 53a-40 (j) contained no language stating that it applied retroactively and the absence of any such language indicated that the legislature intended for the amendment to apply prospectively only and, therefore, the sentencing judge was required to apply the statutory revision that was in existence in July, 2007, when the defendant committed the crimes.

2. The trial court properly concluded that the defendant waived his right to a jury trial on the public interest determination pursuant to (Rev. to 2007) § 53a-40 (j), and that the defendant was not required to admit that extended incarceration would best serve the public interest; the defendant validly waived his right to a jury trial under (Rev. to 2007) § 53a-40 (j) by pleading guilty to being a persistent serious felony offender and was properly canvassed by the court, and, because that court made an explicit finding that extended incarceration would best serve the public interest, it was not necessary for the defendant to make that admission.

3. The defendant could not prevail on his claims that he was entitled to a probable cause hearing and that his probation was revoked improperly, as those claims challenged pretrial proceedings rather than the defendant's sentence; accordingly, this court concluded that the claims were properly rejected by the trial court but that the form of the judgment was improper with respect to this portion of the defendant's motion, and the case was remanded with direction to render judgment dismissing that portion of the defendant's motion.

Argued April 20—officially released July 27, 2021

*Procedural History*

Substitute two part information, in the first case, charging the defendant, in the first part, with two counts of the crime of burglary in the first degree, and with one count each of the crimes of burglary in the second degree and assault in the first degree, and, in the second part, with being a persistent serious felony offender, and substitute two part information in the second case, charging the defendant, in the first part, with the crime of burglary in the second degree, and, in the second part, with being a persistent serious felony offender,

and informations, in the third and fourth cases, charging the defendant with violation of probation, brought to the Superior Court in the judicial district of Waterbury, where the matters were consolidated; thereafter, the first part of the informations in the first two cases, and the third and fourth cases, were tried to the court, *Schuman, J.*; findings of guilty in the first two cases and judgments revoking the defendant's probation in the third and fourth cases; subsequently, the defendant was presented to the court on pleas of guilty to the second parts of the informations in the first two cases; judgments of guilty, from which the defendant appealed to this court, *Robinson, Espinosa* and *Pellegrino, Js.*, which affirmed the judgments; thereafter, the court, *Hon. Roland D. Fasano*, judge trial referee, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed in part*; *reversed in part*; *judgment directed.*

*Charles Marshall*, self-represented, the appellant (defendant).

*Sarah Hanna*, senior assistant state's attorney, with whom, on the brief, were *Maureen T. Platt*, state's attorney, *Tanya K. Gaul*, former special deputy assistant state's attorney, and *Eva B. Lenczewski* and *John R. Whalen*, supervisory assistant state's attorneys, for the appellee (state).

*Opinion*

PELLEGRINO, J. The self-represented defendant, Charles Marshall,[1] appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the court erred in denying his motion on the grounds that (1) he was properly sentenced as a persistent serious felony offender pursuant to General Statutes (Rev. to 2007) § 53a-40 (j)[2] and (2) the defendant's claims that he was improperly denied a probable cause hearing before trial and that his probations were revoked improperly were not the proper subjects of a motion to correct an illegal sentence. We disagree with the defendant's claims with respect to his sentencing as a persistent serious felony offender pursuant to § 53a-40 (j). Moreover, although we agree with the trial court's conclusions with respect to the defendant's probable cause hearing and probation claims, the court did not have subject matter jurisdiction to consider them and, thus, should have dismissed the motion as to those claims. Accordingly, we affirm in part and reverse in part the judgment of the trial court and remand the case to that court with direction to dismiss the claims over which it did not have jurisdiction.

The following facts and procedural history are relevant to our disposition of the defendant's claims on appeal. On July 26, 2007, the defendant committed multiple residential burglaries and an assault. At the time, the defendant was on probation for two separate, prior burglaries. For the July, 2007 crimes, the defendant was charged under multiple informations with two counts of burglary in the first degree in violation of General Statutes (Rev. to 2007) § 53a-101 (a) (1) and (2), two counts of burglary in the second degree in violation of General Statutes (Rev. to 2007) § 53a-102 (a) (2), assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and two counts of violation of probation in violation of General Statutes (Rev. to 2007) § 53a-32. See *State* v. *Marshall*, 132 Conn. App. 718, 720, 33 A.3d 297 (2011), cert. denied, 303 Conn. 933, 36 A.3d 693 (2012). Following a trial to the court, the defendant was found guilty of all charges.

The defendant also had been charged in two part B informations with being a persistent serious felony offender in violation of General Statutes § 53a-40 (c).[3] The state alleged that the defendant qualified as a persistent serious felony offender under § 53a-40 (c) because he previously had been convicted of a felony and imprisoned under an imposed sentence of more than one year. On November 30, 2009, the defendant waived his right to a jury trial and pleaded guilty to the two part B informations.

The defendant was sentenced on March 19, 2010. During the sentencing hearing, pursuant to § 53a-40 (j), the

court enhanced the defendant's maximum sentence after determining that his extended incarceration would best serve the public interest. The court imposed a sentence of sixty-five and one-half years of imprisonment, which was later corrected to sixty-two and one-half years. This court affirmed the defendant's convictions on direct appeal. See id., 721.

On December 22, 2018, the defendant filed the motion to correct an illegal sentence that is the subject of this appeal. The trial court held a hearing on August 20, 2019, and, on October 15, 2019, the court rendered judgment denying the defendant's motion to correct an illegal sentence. This appeal followed.

We first set forth our standard of review and the law applicable to the claims on appeal. Pursuant to Practice Book § 43-22, "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "[A]n illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *Lawrence*, 281 Conn. 147, 156, 913 A.2d 428 (2007). "We review the [trial] court's denial of [a] defendant's motion to correct [an illegal] sentence under the abuse of discretion standard of review. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *State* v. *Salters*, 194 Conn. App. 670, 673, 222 A.3d 123 (2019), cert. denied, 334 Conn. 913, 221 A.3d 447 (2020).

I

The defendant first claims that the court erred in denying his motion to correct an illegal sentence on the ground that he was properly sentenced as a persistent serious felony offender pursuant to § 53a-40 (j). Specifically, the defendant claims that the court erred in determining that (1) the applicable law for the purposes of his sentencing was the law in existence at the time of the crimes, which required application of the 2007 revision of § 53a-40 (j),[4] (2) he had validly waived his right to a jury trial on the public interest determination, and (3) there is no requirement that the defendant admit that his extended incarceration would best serve the public interest. We disagree.

A

The defendant claims that the court erred in concluding that the applicable law for the purposes of his sentencing was the law in effect at the time that the crimes were committed. Specifically, he claims that, because

the requirement of a public interest determination was eliminated from § 53a-40 (j) in 2008, and he was sentenced in 2010, after the revision to the statute, the trial court did not have subject matter jurisdiction to enhance his sentence under the public interest provision. We disagree.

"In criminal cases, to determine whether a change in the law applies to a defendant, we generally have applied the law in existence on the date of the offense, regardless of its procedural or substantive nature. . . . This principle is derived from the legislature's enactment of savings statutes such as General Statutes § 54-194, which provides that [t]he repeal of any statute defining or prescribing the punishment for any crime shall not affect any pending prosecution or any existing liability to prosecution and punishment therefor, unless expressly provided in the repealing statute that such repeal shall have that effect, and General Statutes § 1-1 (t), which provides that [t]he repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the act repealed. . . .

"It is obvious from the clear, unambiguous, plain language of the savings statutes that the legislature intended that [defendants] be prosecuted and sentenced in accordance with and pursuant to the statutes in effect at the time of the commission of the crime. Our courts have repeatedly held that these savings statutes preserve all prior offenses and liability therefor so that when a crime is committed and the statute violated is later amended or repealed, defendants remain liable under the revision of the statute existing at the time of the commission of the crime. . . . We will not give retrospective effect to a criminal statute absent a clear legislative expression of such intent. . . . [T]he absence of any language stating that the amendment applies retroactively indicates that the legislature intended the amendment to apply prospectively only." (Citations omitted; internal quotation marks omitted.) *State* v. *Moore*, 180 Conn. App. 116, 121–23, 182 A.3d 696 (2018).

The 2008 amendment to § 53a-40 (j) does not include any language stating that the amendment applies retroactively. See Public Acts, Spec. Sess., January, 2008, No. 08-1. As a result, the revision does not apply retroactively, and the court was required to sentence the defendant under the statutory revision existing on July 26, 2007, the date of the commission of his crimes. See *State* v. *Moore*, supra, 180 Conn. App. 130–31. The trial court, therefore, did not err in denying the defendant's motion to correct an illegal sentence with respect to his claim that the court applied the incorrect statutory revision in sentencing him.

## B

The defendant next claims that the court erred in concluding that he had waived his right to a jury trial on the public interest determination and that, under § 53a-40 (j), there is no requirement that the defendant admit that extended incarceration would best serve the public interest. Specifically, the defendant argues that, according to *State* v. *Bell*, 283 Conn. 748, 931 A.2d 198 (2007), in "those cases in which the defendant chooses to waive his right to a jury trial under § 53a-40 the court may impose an enhanced sentence if the defendant admits to the fact that extended incarceration is in the public interest." We disagree with the defendant.

First, the defendant validly waived his right to a jury trial under § 53a-40 (j) by entering guilty pleas to the part B informations. In *State* v. *Michael A.*, 297 Conn. 808, 821, 1 A.3d 46 (2010), our Supreme Court held that the defendant waived his right to a jury trial under the entire persistent serious felony offender statutory scheme by entering a plea of nolo contendere. The court explained that "[u]nder the defendant's plea, therefore, he waived his right to a jury trial, not only with respect to the factual predicate of whether he was a persistent serious felony offender, but also with respect to the issue of whether his extended incarceration was in the public interest." Id.

After the defendant in the present case entered his guilty pleas to the part B informations under § 53a-40 (j), he was canvassed on the matter.[5] Therefore, the defendant validly waived his right to a jury trial as to both the persistent serious felony offender determination and the issue of whether an extended sentence would best serve the public interest. See *State* v. *Reynolds*, 126 Conn. App. 291, 311, 11 A.3d 198 (2011).

Second, to the extent that the defendant contends that he was required to admit that extended incarceration would best serve the public interest under § 53a-40 (j), his claim "presents a question of statutory interpretation, [over which] our review is plenary." (Internal quotation marks omitted.) *State* v. *McDevitt*, 94 Conn. App. 356, 359, 892 A.2d 338 (2006). In *Bell*, our Supreme Court held that when a defendant does not waive his right to a jury trial under § 53a-40 (j), the defendant is entitled to have a jury make the determination of whether extended incarceration would best serve the public interest. See *State* v. *Bell*, supra, 283 Conn. 811–12. The court further explained, however, that "in those cases in which the defendant chooses to waive his right to a jury trial under § 53a-40, the court may continue to make the requisite finding. Additionally, the court properly may impose an enhanced sentence if the defendant admits to the fact that extended incarceration is in the public interest." Id., 812. In *State* v. *Abraham*, 152 Conn. App. 709, 722, 99 A.3d 1258 (2014), this court

explained that "there are two ways in which the public interest factor can be satisfied in the context of a guilty plea. The court can make an express finding, or the defendant can expressly agree to the determination." (Internal quotation marks omitted.) Our case law is clear that these are alternatives when a defendant waives his right to a jury trial; either the defendant can admit that extended incarceration is in the public interest or the court can make that determination. See *State* v. *Bell*, supra, 812.

Accordingly, pursuant to *Bell*, under these circumstances the court properly made the public interest determination during the defendant's sentencing proceeding on March 19, 2010,[6] and, in light of the court's public interest determination, it was not necessary for the defendant to admit that an extended period of incarceration would best serve the public interest. See *State* v. *Bell*, supra, 283 Conn. 812.

## II

The defendant next claims that the court erred in denying his motion to correct an illegal sentence with respect to his claims concerning (1) his right to a probable cause hearing under General Statutes § 54-46a (a)[7] and (2) the revocation of his probation. The state counters that because those claims relate to alleged procedural irregularities concerning the defendant's conviction and are not directed at his sentence, the trial court lacked jurisdiction over them and, thus, should have dismissed, rather than denied, the defendant's motion to correct as to these claims. We agree with the state.

"The determination of whether a claim may be brought via a motion to correct an illegal sentence presents a question of law over which our review is plenary." *State* v. *Thompson*, 190 Conn. App. 660, 665, 212 A.3d 263, cert. denied, 333 Conn. 906, 214 A.3d 382 (2019). Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "The purpose of . . . § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition, or one imposed or made in an illegal manner. . . . In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." (Citations omitted; internal quotation marks omitted.) *State* v. *Lawrence*, supra, 281 Conn. 158. "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. . . . In determining whether it is plausible that the defendant's motion challenged the sentence, rather than the underlying trial or conviction, we consider

the nature of the specific legal claim raised therein." (Citations omitted; internal quotation marks omitted.) *State* v. *Evans*, 329 Conn. 770, 784–85, 189 A.3d 1184 (2018).

We first turn to the defendant's claim that his sentence is illegal because he was entitled to, and did not receive, a probable cause hearing pursuant to § 54-46a.[8] Specifically, the defendant claims that because the charges, in the aggregate, exposed him to the possibility of a sentence of life imprisonment, he was entitled to have a probable cause hearing pursuant to § 54-46a. A probable cause hearing under § 54-46a is a pretrial hearing; see *State* v. *McPhail*, 213 Conn. 161, 170, 567 A.2d 812 (1989) (referring to probable cause hearing as pretrial procedure); and a motion to correct an illegal sentence is not the proper vehicle for claims concerning pretrial or trial claims. See *State* v. *Lawrence*, supra, 281 Conn. 158–59.

In *State* v. *Mukhtaar*, 189 Conn. App. 144, 146–47, 207 A.3d 29 (2019), the defendant appealed from the dismissal of his motion to correct an illegal sentence on the basis of alleged issues with his probable cause hearing. This court affirmed the judgment and held that "the trial court properly determined that it lacked jurisdiction to consider the defendant's motion to correct an illegal sentence." Id., 151. This court reasoned that claims concerning a probable cause hearing "do not attack the sentencing proceeding but, rather, concern the pretrial proceedings and the criminal trial." Id., 150. Similarly, in the present case, the defendant's claim concerning the lack of a probable cause hearing attacks the pretrial proceedings rather than the defendant's sentence. We agree with the state that the trial court should have dismissed, rather than denied, the defendant's motion to correct an illegal sentence with respect to this claim.

Likewise, the defendant's claims concerning the revocation of his probation[9] also do not attack the defendant's sentence or the sentencing proceeding. See *State* v. *Mitchell*, 195 Conn. App. 199, 211–12, 224 A.3d 564 (procedures for revocation of probation hearings set forth in Practice Book § 43-29 are not applicable to sentencing hearing), cert. denied, 334 Conn. 927, 225 A.3d 284 (2020). Thus, we agree with the trial court's determination that these issues "cannot be pursued by way of a motion to correct an illegal sentence." Therefore, the trial court should have dismissed, rather than denied, the defendant's motion to correct an illegal sentence as to these claims for lack of subject matter jurisdiction.

The form of the judgment with respect to the denial of that portion of the defendant's motion to correct an illegal sentence that advances arguments that do not implicate the defendant's sentence or the sentencing proceeding itself is improper, the judgment denying that

portion of the defendant's motion is reversed and the case is remanded with direction to render judgment dismissing that portion of the defendant's motion; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendant is also known as Richard Marshall. See *State* v. *Marshall*, 132 Conn. App. 718, 720 n.1, 33 A.3d 297 (2011), cert. denied, 303 Conn. 933, 36 A.3d 693 (2012). When the defendant was arrested on December 10, 2004, he provided the police with the name Richard Marshall.

[2] Our references in this opinion to subsection (j) of § 53a-40 are to the 2007 revision of the statute. Pursuant to General Statutes (Rev. to 2007) § 53a-40 (j): "When any person has been found to be a persistent serious felony offender, and the court is of the opinion that such person's history and character and the nature and circumstances of such person's criminal conduct indicate that extended incarceration will best serve the public interest, the court in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, or authorized by section 53a-35a if the crime of which such person presently stands convicted was committed on or after July 1, 1981, may impose the sentence of imprisonment authorized by said section for the next more serious degree of felony."

[3] General Statutes § 53a-40 (c) provides in relevant part: "A persistent serious felony offender is a person who (1) stands convicted of a felony, and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. . . ."

[4] "In *State* v. *Bell*, [283 Conn. 748, 785–813, 931 A.2d 198 (2007)], our Supreme Court concluded that . . . [the 2007 revision of] § 53a-40 (h) [the persistent dangerous felony offender statute] is unconstitutional, to the extent that it does not provide that a defendant is entitled to have the jury make a required finding [that] expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict . . . ." (Internal quotation marks omitted.) *State* v. *Reynolds*, 126 Conn. App. 291, 299, 11 A.3d 198 (2011). To remedy the violation, our Supreme Court in *Bell* excised the phrase "the court is of the opinion that" from the statute, which left the task of making the public interest determination to a jury, and held that the remaining portion of the statute could operate independently. *State* v. *Bell*, supra, 811–12; see also *State* v. *Reynolds*, supra, 300 (in *Bell*, "our Supreme Court made the public interest determination a necessary element to be determined beyond a reasonable doubt by the jury, rather than the court"). Although *Bell* involved subsection (h) of General Statutes (Rev. to 2007) § 53a-40, the persistent dangerous felony offender statute, and the defendant in the present case was sentenced under subsection (j) of § 53a-40, the persistent serious felony offender statute, in 2007 both provisions contained identical language concerning the public interest determination, and, following *Bell*, the legislature amended § 53a-40 to remove the public interest provisions from that statute entirely. See Public Acts, Spec. Sess., January, 2008, No. 08-1.

[5] The defendant argues that he was never properly canvassed with respect to his right to a jury trial under § 53a-40 (j). We disagree. "[W]hen a defendant, personally or through counsel, indicates that he wishes to waive a jury trial in favor of a court trial in the absence of a signed written waiver by the defendant, the trial court should engage in a brief canvass of the defendant in order to ascertain that his or her personal waiver of the fundamental right to a jury trial is made knowingly, intelligently and voluntarily. This canvass need not be overly detailed or extensive . . . ." (Footnotes omitted.) *State* v. *Gore*, 288 Conn. 770, 787–89, 955 A.2d 1 (2008). Furthermore, the court was not required to canvass the defendant specifically as to his waiver of a jury trial on the public interest determination. See *State* v. *Reynolds*, supra, 126 Conn. 310–11. As the trial court in the present case found in its memorandum of decision, "[t]he transcript of [the defendant's] canvass on the part B information[s] clearly indicates his understanding of the rights he was waiving, and there is no case law, under these circumstances, requiring further action by the court."

[6] At the sentencing hearing, the court referred to the defendant's serious and violent criminal history, and stated: "There is some debate how many prior convictions you have, sir, but there's no debate that you have, I think, over ten felony convictions by my count, sixteen misdemeanor convictions,

several violations of probations. I consider these burglaries to be violent offenses. You are essentially a career criminal. I believe that you are beyond hope of rehabilitation at this point. This is partly failure of the system that you're even out, that you were even out on probation the last time with a record like that. The presentence investigation report states at the end that your prior sentences have not rehabilitated you, not deterred you from committing further crimes. Charles Marshall is a significant danger to society. It's respectfully recommended the offender be sentenced to a lengthy period of incarceration. Based on those factors, I am of the opinion that your history and character and nature and circumstances of your criminal conduct indicate that extended incarceration will best serve the public interest."

[7] Although § 54-46a (a) was amended by No. 12-5, § 25, of the 2012 Public Acts, that amendment has no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[8] General Statutes § 54-46a (a) provides: "No person charged by the state, who has not been indicted by a grand jury prior to May 26, 1983, shall be put to plea or held to trial for any crime punishable by death, life imprisonment without the possibility of release or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause."

[9] Specifically, the defendant claims that (1) there was an unnecessary delay in the commencement of his probation hearing, (2) he did not have a revocation of probation hearing separate from his criminal trial, and (3) the state improperly initiated the probation proceedings via a warrant, in violation of Practice Book § 43-29, which provides that such proceedings may be initiated by a motion to the court.